172128, BBN Holding v. ITC 172128, BBN Holding v. ITC May I please the Court? The ITC abused its discretion by failing to consider and grant a waiver under its rules, a petition that was filed to rescind or modify a $6.2 million penalty based on changed conditions. Well, I mean, we can't decide in this case whether they should have granted, right? We can only decide whether they should have reviewed because they said registration to cut applies, so we're not even going to consider it. You're not asking us in the first instance to do the discretionary job that the ITC is otherwise entitled to do. That is correct. I mean, the second argument we make is because they have so abdicated their responsibility by failing even to consider it, the Court should go ahead. They didn't look at something they should have, and so now I should not only look at it but decide it in the first instance, a very discretionary type decision? An appellate court judge should decide that? Fair enough. As you know, that was the second argument. The principal argument, which is we never even got a hearing. I mean, and that is our principal argument on appeal. I mean, didn't the government argue last time around that if you wanted a mitigation of this penalty, the way to go was to file this very motion that you had not yet at that point filed? Because we had not filed it because the ITC didn't have jurisdiction to consider it, and indeed, if you look at their supplemental brief... No, no, you're misunderstanding my question. It's helpful. Don't fight it. The question was, isn't it true that the government came to court last time and told us that there's a proper way for you to seek a rescission or a remediator or a reduction, and that would be for you to file this motion below, which at that point you hadn't yet filed, but now you've gone ahead and filed and done exactly what they told you was the proper process for you to proceed under. That is correct. I was just getting to the next point in case you were concerned as to why we hadn't filed it. I wasn't. Okay. But certainly, they couldn't have been any clearer in their supplemental brief on page four and also on pages seven and eight. They said the one proper approach is for the court to proceed on both of those appeals, and if it's affirmed, the invalidity from the district court, to then file this petition. So at this point, you've done exactly what the government last time around said was the proper way for you to proceed. Correct. Okay. That is exactly... They told the court that's what we should do. We did what we were supposed to do. It's a rule that they've had on the books for a very long time. Did you see anything in that prior opinion that happened to come out of somebody at this court that indicated that they were not permitted to consider a motion if you were to file one? No. We were stunned. Me neither. I mean, there's no mention, obviously, of the rule. Can I just ask for some clarification because I've become confused by the terminology here because there's a difference. Obviously, there's a decision or whatever it's called was with respect to the civil penalty order, not to the consent order, or am I... Well, I understand your confusion because although that's the language they used, if you look at that Magnits case where the ITC actually used this rule, what they did is they go back and they actually vacate the underlying consent order and therefore vacate the penalty that was based on that. But what were you seeking? I mean, do you have to seek something in particular? Would it have to be vacating the... rescinding or vacating the consent order, or is it the civil penalty order? I know you're going after the civil penalty order. Obviously, the money is why we're here, but we actually are seeking a vacation of what would be effectively both because the underlying consent order is based on having to do with the so-called infringing contact, which it can no longer be anymore once this court affirmed in a mandate issued as to the final invalidity of all of the claims of the patent. That Magnits case, which is actually what the ITC cited to this court in their supplemental brief, provided the roadmap. It said that was a case in which a company had a consent order. They continued to do the exact same thing, and needless to say, there was then an enforcement action. The ITC imposed, I think, a $1.5 million penalty in that case, and that came up on appeal and was affirmed. And subsequent to this court affirming that judgment, you know, the enforcement order and the penalty, the parties, the underlying parties, entered into a licensing agreement. They then filed this petition to rescind or wiped out the penalty. And so that was the roadmap that the ITC presented to this court. So is there a difference between a civil penalty and, let's say, one of the ITC's exclusionary orders? Well, I think, I'm struggling with, you know, obviously the penalty, it hasn't been paid. And so if there was an exclusion order, presumably that would then also, that would be, we didn't have one in our case, but that would be vacated as well. There's no, I don't think there's any dispute that the ITC has authority to modify or rescind an exclusion order. Right. But we're talking about a penalty, a civil penalty. And that penalty was based on an agreement, a consent order that you wrote, or that... Based on their rules, but yes. And you agreed in that order that you would not engage in any type of infringing activity. Correct. You were found to have engaged in infringing activity, and the ITC issued a civil penalty. Right. Isn't that a part, isn't there a bright fence between this, a civil penalty, and the ITC just rescinding some sort of exclusionary order? I don't think so, because what you have in the circumstance of both of them is we agreed not to engage in any infringing behavior. And that at the time the ITC issued its order, the patent was still valid, and so therefore, and it concluded, oh, we obviously disagree. That's the point. At that point, the patent was still valid, or at least all the parties thought they were, especially you. You entered into the consent order, you drafted it, and you agreed, I'm not going to engage in any infringing activity. Right. The ITC found that you did, and issued a civil penalty, which I take is different from an exclusionary order. Well, I would suggest no, because of the following. I mean, it would be the equivalent of saying you can collect damages for infringing a patent up until the moment the jury actually validates the patent. You're bringing the conversation back into the patent infringement stage. Fair enough. Okay, whereas a civil penalty is apart from that. A civil penalty is pretty much closer to a criminal penalty. And if you're deemed to have violated engaging in criminal activity, and you're sanctioned for that, you can't, for example, say that I robbed the bank, but you can't penalize me for it because there's no money in the bank. No, it would be the equivalent. That's your argument here. Actually, the thing is, your question takes me to a place where I can't quite, on the tip of my tongue, remember. The Supreme Court had a case that just came down this past year of whether or not, I believe it was the state of Ohio, could just keep a penalty, even though the conviction was overturned on appeal. And I think it was Ohio. And they said, oh, we can just keep it. And the answer from the Supreme Court was no, you can't. The underlying penalty, the purpose of which is, it's been wiped out, if you will, by the fact that the patent has been invalidated. I think Judge Reynaud's right. I mean, I agree with him 100%. I love, love, love his analogy about robbing the bank, and it turns out the vault was empty. I mean, maybe, you know, that results, though, you seem to be going for all or nothing. You're not going to win all. The $6 million penalty, we're not taking it away. We made that clear last time. They have a right to penalize you for violating the order, even if it turns out the order maybe shouldn't have been imposed. There was an order imposed. Your client chose to violate that order. There is a right to penalize. Do you have kids? I do this all the time with my kids. I set a rule, and then when they break the rule, I punish them for it. In hindsight, perhaps the rule was too strict the first time around. But you broke the rule. You knew what the rule was, and you broke it, and there's going to be a consequence. But if the rule was too strict the first time around, I usually take that into account, and it affects how long they're going to be punished for. So I guess what I'm wondering, you seem to be going after rejecting Judge Reynaud's, what I think is a very logical approach to this case, and it's because you're trying to get all. Can't you just be happy with some? Meaning, can't you be happy with a remediator or a rescission? Can't your response to him be, we asked for eliminating it all, but in the alternative at least remitting it or reducing it? And yes, perhaps my client could still be punished for breaking the court order, but it turns out the order shouldn't have been in place at all, so maybe the punishment should be mitigated. Can't that be your answer to him instead of no, none? Our position to this court, and it would be to the ITC, if we could ever get a hearing on our petition, our petition was to modify or dissent. And so if you go through the six factors that the ITC uses, it doesn't add up to $6.2 million when you have a situation where it is based on an invalid. But even to just go a step further than Judge Moore, that's not even before us too. The issue before us, as I understand it, is extremely limited. And it's simply whether or not the commission correctly said, that circuit has already decided this, we can't even give you a hearing or consider your arguments. And all you're asking us to do, and all I think we would appropriately have the authority to do, is to decide whether or not, no, the ITC still has some discretion, reviewable discretion, and so they ought to give you a chance to make your case. And that is certainly true. That is the bottom line position of what we have for today. So it could be that you go back and the ITC says, no way, you have bad faith violation, it's our policy, we think people have to abide by the law, whatever it is, and whatever, I mean you may want to appeal that, but we'd review, but that's not before us now. I think that's fair to say. And I see I'm cutting into my rebuttal time, so if the court, if I could save the rest of my time. Thank you. Thank you. Good morning, may it please the court. Basically three years ago, DVM was before this court, and made the same arguments I'm making now on a petition before the commission. Well, there was no pending motion for rescission or modification at that time, correct? That's correct, but the court... So it wasn't the same issue, really, was it? I would disagree. This court simply asked for supplemental briefing asking what effect, if any, affirmance by this court of the subsequent invalidity of the patented issue would have on the commission's enforcement of this consent order and subsequent civil penalty. Isn't it a mistake on your part to rely too much on our prior opinion? Because if you do, aren't you going to paint yourself into a box where you can never review or consider a civil penalty? I don't think that's the case under these facts, because, again, the court asked that specific question. We addressed the legal issue in that case. Right, you did, but there's been no changed circumstance since that final presidential decision. Now there's been a motion for rescission or modification. Last time this case was up here, they argued that the invalidity decision invalidated entirely the civil penalty. The civil penalty had been revoked. And you all, the government, in response to the supplemental briefing, said they could, on remand, file a motion for rescission or modification and then the ITC would consider it. And you said that was the appropriate way to proceed. At that point in time, there was no such motion on file by anyone. So how could we have decided the propriety of the very method you said was the way they should do this when it hadn't been done yet? I think there's a slight mischaracterization of what the ITC said in its supplemental brief. We didn't say, the court rule on this issue of what effect, if any, the subsequent invalidity and affirmative spreadsheet... No, no, they did. That's what they asked us to do. They asked us to conclude that the subsequent invalidation therefore required the civil penalty to be eliminated entirely. And we said, no, it doesn't require that. But you all argued that they could, on remand, make a motion to have the civil penalty modified in light of the changed circumstances, the invalidation. That's what you suggested to us was the appropriate course of action. And I can tell you right now, as I sit here, I didn't mean to foreclose that and didn't think I did in this opinion and still don't think I did in this opinion. So I would love for you to point me to something in the opinion that you say amounts to res judicata, where there is a decision regarding what authority the ITC has as a matter of its discretion to modify a civil penalty in light of a motion for modification. Where did I decide that issue? Because the ITC, in one sentence, says res judicata without pointing to any portion of the opinion. So where in this opinion is the res judicata? Right, I would say, one, again, the court asked this question, what effect, if any? A broad question regarding what effect, if any, affirmance by this court of subsequent validity had on the commission's ability to enforce the consent order. DBM chose, made several arguments. Made an argument regarding negation. Made an argument also regarding modification, supplemental brief nine. And they also argued, hey, remand is not necessary. There are no factual, legal, outstanding issues. But doesn't res judicata require me to have decided the issue in order for it to bar? I have to have decided the issue. Where did I decide this issue? Where in the opinion previously did our court decide to what extent the ITC would be permitted to in response for a motion for modification to modify a civil penalty? Well, this court typically said we don't need to remand the issue. We can decide this issue on it by ourselves. We don't need to remand to the commission. Because there wasn't a motion for modification pursuant to that case. I wasn't resolving, the court wasn't resolving any motion for modification. We were resolving only an argument that the entire penalty had to go away. Automatic was a matter of law. Right, I would say the commission's, I mean the court's prior opinion answered the question broadly. What effect, if any? And you answered, against Stevie and unfortunately for them, that there was no retroactive effect for any future event. I don't see that in the opinion. I do not see that in the opinion. I'll answer this. Okay, there's one part. Specifically regarding the argument they make regarding when the decision becomes Can you point me to a page? Yes, the opinion at 1335. They make an argument, then as of now, what happens when the subsequent ability becomes non-reviewable, i.e. denial of cert. And the court says, if that judgment, i.e. the district court's summary judgment invalidity becomes non-reviewable, the consent order will not apply prospectively as to the invalid claims. But the commission's finding that the law violated the consent order, and the accompanying penalty for that violation will not be lifted. The commission acted within the scope of its authority in enforcing the consent order. So here, specifically, the court ruled, presidentially, that there's no, for any future event, there is no retroactive effect on the civil penalty. Wait, I'm sorry. I have only now gotten to 1335. What sentence is it, do you think, that I ruled on that? This court. It's that last paragraph on when it says After the words in its supplemental briefing, is it after that? Or is it before the supplemental briefing paragraph? It's that last section on that page where DeLorme also argues that the commission is not authorized to enforce the consent order with regard to invalid patent claims. And it's 1335. It's after that paragraph starts where DeLorme argues that it's in a position to support the commission's rules. Paragraph after that. Do you have an appendix site for the page? Because I've got the, I don't have the right pages on mine. Are you at 451? I think this is where he is now. Okay, that's okay. I think you're arguing at the paragraph that begins DeLorme also argues that the commission is not authorized Well, yes, they're arguing the commission is not authorized to enforce a consent order with regard to an invalid patent. I think that is exactly the point Judge Prost made a second ago, which is their argument to us previously was, as a matter of law, we can't be civilly penalized because the patent was later found invalid. Right, but they make that argument that there's no changed circumstances from that decision. Subsequent denial of cert, there's no changed circumstance. Nothing's changed. They're not asking, they're not arguing as a matter of law they can't, they're availing themselves of the motion practice which is set out in the regulation that allows them to seek a rescission. You see there's no changed circumstance. The changed circumstance it seems to me is that they did not previously have on file any motion requesting rescission so this court wouldn't even have jurisdiction to resolve it and I never would have resolved it in the first instance. The ITC has the discretion to do that. None of that was before this court previously so how could I have, or anyone And it's a matter of discretion for the ITC. I have no desire to usurp the discretion of the ITC. Correct, but Debian made a specific argument they didn't want a remand. The court agreed remand is not necessary. Again, further in the opinion, you say that in the next paragraph the commission laid out a number of possible actions for this court to take including one, remand to the commission for determination of the effect of affirmative validity. Two, not to remand at all, proceed to judgment both appeals. If the consent order were unclear as to the impact of the validation decision in this case, it would be a remand, but the consent order unambiguously indicates the invalidation trigger like the expiration of enforceability triggers applies only prospectively. Neither the commission nor DeLorme argues that the consent order is ambiguous. There is no reason to remand this case because the consent order unambiguously answers the question at issue. So there's that part and also I'd say there really was no new modification argument made by Debian in its petition. They offer pretty much the same analysis that either A, negate all or modify it all the way back to what the ALJ originally decided.  in the original appeal, three years ago. So the question is does the ALJ have the ability Is there any further questions? I'm going to ask for the court to affirm since there's no changed circumstances. Thank you. I think the court understands our position which was obviously there was no discussion in the prior appeal of the ITC rule. We simply took the path that they said we could take if this court actually affirmed the invalidity of the path. There's an ITC rule that provides for it. We took that path and we would like them to consider it in the first instance. Unless the court has any further questions. Thank you. We thank both sides. The case is submitted. Thank you.